IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAMART CLAY, | CIVIL ACTION  1:16-cv-05600 |
| Plaintiff, | |
| v. | COMPLAINT |
| CONVERGENT OUTSOURCING, INC. | JURY TRIAL DEMANDED |
| Defendant. | |

**COMPLAINT**

NOW COMES the Plaintiff, LAMART CLAY, by and through his attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, CONVERGENT OUTSOURCING, INC., as follows:

**NATURE OF THE ACTION**

1. This is an action brought by consumer for violation(s) of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et. seq., Fair Debt Collection Practices Act, 15 U.S.C. §1692, section 362 of the United States Bankruptcy Code, 15 U.S.C. §362; and the Telephone Consumer Protection Act, 47 U.S.C. §227.

**JURISDICTION AND VENUE**

2. Subject matter jurisdiction exists over the Fair Debt Collections Practices Act and Telephone Consumer Protection Act claim(s) under 28 U.S.C. §§1331 and 1337.

3. Supplemental jurisdiction exists over the Illinois Consumer Fraud and Deceptive Business Practices Act claim(s) under 28 U.S.C. §1367.

4. Venue is proper in this Court under 28 U.S.C. §1391(b) as a substantial part of the events giving rise to the claim(s) took place in this Judicial District.

## PARTIES

5. Lamart Clay (hereinafter "Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at the property commonly known as 3344 Willow Lane, Markham, Illinois 60428.

6. Convergent Outsourcing, Inc. (hereinafter "Defendant") is a corporation formed under the laws of the State of Georgia. Defendant has a principal place of business located at 1201 Peachtree Street, Atlanta, Georgia 30361.

## FACTUAL ALLEGATIONS

7. On or before December 10, 2015, Plaintiff contracted with Verizon Communications for wireless telecommunications services. As a result, Plaintiff incurred debt in the amount of $278.69 (hereinafter "subject debt").

8. On December 10, 2015, a bankruptcy case was filed concerning Plaintiff under Chapter 13 of the United States Bankruptcy Code – case number 15-41774. See Exhibit A, a true and correct copy of the Notice of Bankruptcy Case Filing.

9. In early January 2016, Defendant started calling Plaintiff's cellular telephone.

10. In late January 2016, Plaintiff answered Defendant's telephone call, and after a clear pause, was connected to an agent of Defendant. Advised that Defendant was attempting to collect the subject debt on behalf of Verizon Communications, Plaintiff advised Defendant that a bankruptcy case concerning Defendant was filed under Chapter 13 of the United States Bankruptcy Code. Moreover, Plaintiff directed Defendant to cease calling Plaintiff's cellular telephone.

11. On February 18, 2016, an Amended Schedule F was filed to add Verizon Communications to Plaintiff's list of unsecured creditors. See Exhibit B, a true and correct copy of Plaintiff's Amended Schedule F.

12. On April 20, 2016, a Modified Chapter 13 Plan was filed. See Exhibit C, a true and correct copy of Plaintiff's Modified Chapter 13 Plan and related notice prepared by the Bankruptcy Noticing Center on behalf of the court.

13. Notwithstanding, Plaintiff's demand that Defendant cease calling Plaintiff's cellular telephone, Defendant has continued calling Plaintiff's cellular telephone – no less than sixty times.

14. All telephone calls placed by Defendant to Plaintiff's cellular telephone utilized an "automatic telephone dialing system," as defined by 47 U.S.C. §227(a)(1).

15. An automatic telephone dialing system means equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such number.

16. All telephone calls placed by Defendant to Plaintiff's cellular telephone were not made for emergency purposes or made with the prior express consent of Plaintiff, as defined by 47 U.S.C. §227(b)(1)(A)(iii).

**COUNT I – NEGLIGENT VIOLATION(S) OF THE
TELEPHONE CONSUMER PROTECTION ACT –47 U.S.C. §227 ET. SEQ.**

17. Paragraphs 1 through 16 are re-alleged as though fully set out herein.

18. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set out herein.

19. The Telephone Consumer Protection Act, 47 U.S.C. §227 et. seq. was designed to prevent telephone calls such as the ones described herein, and to protect the privacy of

consumers, such as Plaintiff. "Voluminous consumer complaints about abuse of telephone technology prompted Congress to pass the Telephone Consumer Protection Act." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

20. In enacting the Telephone Consumer Protection Act, Congress intended to give consumers a choice as to how corporate entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." Telephone Consumer Protection Act, Pub. L. No. 102-243, §11; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838 at *4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on Telephone Consumer Protection Act's purpose).

21. Congress also specifically found that "the evidence presented to Congress indicates that automated or prerecorded telephone calls are a nuisance and an invasion of privacy, regardless of the type of call ***." Id. at §§12-13; see also, *Mims*, 132 S.Ct. at 744.

22. As Judge Easterbrook of the United States Court of Appeals for the Seventh Circuit explained in a Telephone Consumer Protection Act case:

> The Telephone Consumer Protection Act *** is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Telephone Consumer Protection Act curtails the use of automated dialers and prerecorded messages to cellular telephones ***. An automated telephone call to a landline telephone can be an annoyance; an automated telephone call to a cellular telephone call adds expense to an annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

23. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or

4

produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

24. "When evaluating the issue whether equipment is an ATDS, the statute's clear language mandates that the focus must be on whether the equipment has the *capacity* 'to store or produce telephone numbers to be called, using a random or sequential number generator.' Accordingly, a system need not actually, store, produce, or call randomly or sequentially generated telephone numbers, it need only have the capacity to do it." *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 951 (9th Cir. 2009).

25. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the Telephone Consumer Protection Act, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §227 et. seq.

26. As a result of Defendant's negligent violations of 47 U.S.C. §227 et. seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

27. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff requests the following relief:

a. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et. seq., $500.00 in statutory damages, for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

b. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

c. Any other relief the Court may deem just and proper.

**COUNT II – KNOWING AND WILLFUL VIOLATION(S) OF THE
TELEPHONE CONSUMER PROTECTION ACT - 47 U.S.C. §227 ET. SEQ.**

28. Paragraphs 1 through 27 are re-alleged as though fully set out herein.

29. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set out herein.

30. The Telephone Consumer Protection Act, 47 U.S.C. §227 et. seq. was designed to prevent telephone calls such as the ones described herein, and to protect the privacy of consumers, such as Plaintiff.  "Voluminous consumer complaints about abuse of telephone technology prompted Congress to pass the Telephone Consumer Protection Act." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

31. In enacting the Telephone Consumer Protection Act, Congress intended to give consumers a choice as to how corporate entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer."  Telephone Consumer Protection Act, Pub. L. No. 102-243, §11; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838 at *4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on Telephone Consumer Protection Act's purpose).

32. Congress also specifically found that "the evidence presented to Congress indicates that automated or prerecorded telephone calls are a nuisance and an invasion of privacy, regardless of the type of call ***." Id. at §§12-13; see also, *Mims*, 132 S.Ct. at 744.

33. As Judge Easterbrook of the United States Court of Appeals for the Seventh Circuit explained in a Telephone Consumer Protection Act case:

6

> The Telephone Consumer Protection Act *** is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Telephone Consumer Protection Act curtails the use of automated dialers and prerecorded messages to cellular telephones ***. An automated telephone call to a landline telephone can be an annoyance; an automated telephone call to a cellular telephone call adds expense to an annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

34. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

35. "When evaluating the issue whether equipment is an ATDS, the statute's clear language mandates that the focus must be on whether the equipment has the *capacity* 'to store or produce telephone numbers to be called, using a random or sequential number generator.' Accordingly, a system need not actually, store, produce, or call randomly or sequentially generated telephone numbers, it need only have the capacity to do it." *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 951 (9th Cir. 2009).

36. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the Telephone Consumer Protection Act, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §227 et. seq.

37. As a result of Defendant's negligent violations of 47 U.S.C. §227 et. seq., Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

38. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff requests the following relief:

a. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. §227 et. seq., treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).

b. Pursuant to 47 U.S.C. §227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

c. Any other relief the Court may deem just and proper.

### COUNT III – VIOLATION(S) OF SECTION 362 OF THE UNITED STATES BANKRUPTCY CODE – 11 U.S.C. §362

39. Paragraphs 1 through 40 are re-alleged as though fully set out herein.

40. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set out herein.

41. The principal purpose of the United States Bankruptcy Code is to grant a "fresh start" to the "honest but unfortunate debtor." *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 367, 127 S.Ct. 1105, 1107, 166 L.Ed.2d 956 (2007) quoting *Grogan v. Garner*, 498 U.S. 279, 286, 287 (1991).

42. Section 362(a)(6) of the United States Bankruptcy Code provides "a petition filed *** operates as a stay, applicable to all entities, of *** any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case." 11 U.S.C. §362(a)(6).

43. "The automatic stay invoked by the filing of a bankruptcy petition protects a debtor from creditors' attempt to collect prepetition debts. The automatic stay is designed to give

debtors breathing space so that they may reorder their affairs." *In re Robinson*, 228 B.R., 75, 80 (Bankr.E.D.N.Y. 1998).

44. "As one of the fundamental debtor protections provided by bankruptcy laws," *Midatlantic Nat'l Bank v. New Jersey Dept. of Env. Protection*, 474 U.S. 494, 503, 106 S.Ct. 755, 760, 88 L.Ed.2d 859 (1986), the automatic stay is intended to stop virtually all debt collection efforts. *In re Bishop*, 296 B.R. 890, 894 (Bankr.S.D.Ga.2003).

45. Despite Plaintiff advising Defendant that a bankruptcy case concerning Plaintiff was filed under Chapter 13 of the United States Bankruptcy Code, Defendant perpetually and willfully attempted to collect the subject debt.

46. As a result of Defendant's perpetual and willful violations of 11 U.S.C. §362, Plaintiff is entitled to actual, and punitive damages, and costs of the action including expenses, together with attorneys' fees as determined by this Court.

WHEREFORE, Plaintiff requests the following relief:

a. As a result of Defendant's perpetual and willful violations of 11 U.S.C. §362, actual, and punitive damages, and costs of the action including expenses, together with attorneys' fees as determined by this Court pursuant to 11 U.S.C. §362(k)(1).

b. Any other relief the Court may deem just and proper

## COUNT IV – VIOLATION(S) OF THE FAIR DEBT COLLECTION PRACTICES ACT - 15 U.S.C. §1692

47. Paragraphs 1 through 46 are re-alleged as though fully set out herein.

48. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set out herein.

49.  Plaintiffs are "consumers" as defined by 15 U.S.C. §1692a(3). Defendant is a "debt collector as defined by 15 U.S.C. §1692a(5). Defendant was attempting to collect a debt used for "household purpose" as defined by 15 U.S.C. §1692a(5).

50.  Defendant has violated the FDCPA, and caused damages to Plaintiff by their failure to comply with the FDCPA. Possible violations include, but are not limited to the following:

    **a.**    **Violation of 15 U.S.C. §1692c**

51.  Defendant violated §1692c in that Defendant communicated with Plaintiff with the collection of the debt when it knew, or should have known, Plaintiff was represented by an attorney with respect to such debt.

    **b.**    **Violation of 15 U.S.C. §1692d**

52.  Defendant violated §1692d in that Defendant engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of the debt.

    **c.**    **Violation of 15 U.S.C. §1692d(5)**

53.  Defendant violated §1692d(5) in that Defendant engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of the debt;namely by causing Plaintiff's cellular telephone to ring or engaging Plaintiff continuously or repeatedly with intent to abuse, annoy or harass Plaintiff.

    **d.**    **Violation of 15 U.S.C. §1692e(2)**

54.  Defendant violated §1692e(2) in that Defendant made false representations of the character, amount or legal status of the debt.

    **e.**    **Violation of 15 U.S.C. §1692e(10)**

55. Defendant violated §1692e(10) in that Defendant used false representations or deceptive means to collect or attempt to collect the debt.

   f. **Violation of 15 U.S.C. §1692f**

56. Defendant violated §1692f in that Defendant used unfair or unconscionable means to collect or attempt to collect the debt.

   g. **Violation of 15 U.S.C. §1692f(1)**

57. Defendant violated §1692f(1) in that Defendant used unfair or unconscionable means to collect or attempt to collect the debt – not permitted by law.

   WHEREFORE, Plaintiffs request the following relief:

   a. Actual, and statutory damages, and costs of the action including expenses, together with attorneys' fees as determined by this court.

   b. Any other relief deemed appropriate and equitable by this court.

### COUNT V – VIOLATION(S) OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

58. Paragraphs 1 through 46 are re-alleged as though fully set out herein.

59. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set out herein.

60. Enacted in 1961, the aim of the Illinois Consumer Fraud and Deceptive Business Practices Act is protecting consumers against fraud and unfair or deceptive acts in the conduct of commerce or trade. 815 ILCS 505/2; *Scott v. Association for Childbirth at Home, Int'l*, 88 Ill.2d 279 (1981); *Oliveria v. Amoco Oil Co.*, 201 Ill.2d 134 (2002). Unlawful practices under the Illinois Consumer Fraud and Deceptive Business Practices Act are defined broadly as:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud false pretenses, false promise, misrepresentation or the concealment, suppression or omission of any material fact, or the use of employment of any practice described in [The Illinois Deceptive Trade Practices Act, 815 ILCS 505/2.

61. Plaintiff is a "person" as defined by 815 ILCS 505/1(c). Plaintiff is a "consumer" as defined by 815 ILCS 505/1(e). Defendant is engaged in "commerce" as defined by 815 ILCS 505/1(f). Defendant is a debt collector, as Defendant regularly collects or attempts to collect, debts owed or due or asserted to be owed or due another, commerce or trade directly or indirectly affecting the people of the State of Illinois.

   a. **Unfairness**

62. It was unfair for Defendant to incessantly call Plaintiff's cellular telephone and attempt to collect the subject debt – after Plaintiff's demand that Defendant cease calling Plaintiff's cellular telephone.

63. As pled above, Plaintiff was considerably harmed by Defendant's unfair acts or practices.

64. Upon information and belief, Defendant has engaged in a systematic campaign of harassment, involving calling consumers' cellular telephones in an attempt to collect uncollectible debt.

65. An award of punitive damages is appropriate as Defendant's unfair acts are outrageous, wanton and willful; and showed a reckless disregard for the rights of Plaintiff, and consumers, generally.

   b. **Deception**

66. It was deceptive for Defendant to incessantly call Plaintiff's cellular telephone and attempt to collect the subject debt – despite Plaintiff advising Defendant that a

bankruptcy case concerning Plaintiff was filed under Chapter 13 of the United States Bankruptcy Code.

67. It was deceptive for Defendant to incessantly call Plaintiff's cellular telephone and attempt to collect the subject debt – despite Defendant receiving notice prepared by the Bankruptcy Noticing Center that a bankruptcy case concerning Plaintiff was filed under Chapter 13 of the United States Bankruptcy Code.

68. As pled above, Plaintiff was considerably harmed by Defendant's deceptive acts or practices.

69. Upon information and belief, Defendant has engaged in a systematic campaign of harassment, involving calling consumers' cellular telephones in an attempt to collect uncollectible debt.

70. An award of punitive damages is appropriate as Defendant's deceptive acts are outrageous, wanton and willful; and showed a reckless disregard for the rights of Plaintiff, and consumers, generally.

WHEREFORE, Plaintiff requests the following relief:

a. As a result of Defendant's unfair or deceptive act or practices, actual, and punitive damages, and costs of the action including expenses, together with attorneys' fees as determined by this court.

b. Any other relief the Court may deem just and proper

**Plaintiff demands trial by jury.**

Dated: May 23, 2016                                  Respectfully Submitted,

                                                                  /s/ Joseph S. Davidson

                                                                  Joseph S. Davidson, Esq.
                                                                  ARDC# 6301581
                                                                  *Counsel for Plaintiff*

                    Sulaiman Law Group, Ltd.
                    900 Jorie Boulevard, Suite 150
                    Oak Brook, Illinois 60523
                    Telephone (630)575-8181
                    Fascimile (630)575-8188